UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MANUEL NIEVES,

                Plaintiff,

-against-

THE BETESH GROUP/MITZI
INTERNATIONAL LTD,

                Defendant.
---------------------------------------------------------x

07 CIV. 1301

VERIFIED COMPLAINT
AND JURY TRIAL DEMAND

INDEX NO.:

ASSIGNED JUDGE: ROBINSON

Plaintiff, Manuel Nieves, by and through his attorney, Paul N. Cisternino, as and for his verified complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the defendant for the violation of plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the defendant which violated rights guaranteed to the plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that he was subjected to discrimination, denied the equal terms, conditions and privileges of employment, retaliated against, and illegally terminated based on race/color.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission. Plaintiff requested and received written dismissals from these agencies; a copy of the dismissal from the Commission has been annexed hereto, and the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a Hispanic male of Puerto Rican national origin who at all times relevant herein resided in Westchester County within the State of New York.

8. Upon information and belief defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff had been employed by the defendant since in or about March 2001 as a Graphic Designer/Structural Package Designer.

11. Upon information and belief, during the period relevant herein, plaintiff was the only Hispanic who worked for the defendant as a Graphic Designer/Structural Package Designer.

12. Upon information and belief, the defendant does not maintain a written anti-discrimination policy and accordingly does not disseminate such a policy to its employees, nor do they have an office or designee for reporting instances of alleged discrimination within the organization.

13. During his period of employment with the defendant, plaintiff has always performed his job duties in a competent and professional manner, his time and attendance has been at least satisfactory, and he has never been counseled or formally disciplined.

14. During the period relevant herein, plaintiff's direct supervisor has been Director of Creative Services David Un (hereinafter "Un").

15. Upon information and belief, Un had a problem with plaintiff's Hispanic ethnicity and treated plaintiff differently from non-Hispanic employees by, *inter alia*, denying vacation requests which were routinely granted to non-Hispanics and subjecting plaintiff's work to unfair scrutiny which was not done with non-Hispanics.

16. When plaintiff objected to Un about the allegedly discriminatory treatment, Un stated that continued complaints would result in plaintiff's termination.

17. Because Un refused to discuss or remedy the alleged discriminatory treatment, plaintiff complained to defendant's Human Resources Department.

18. Although plaintiff's vacation request was eventually granted, thereafter Un began subjecting plaintiff to various types of retaliation.

19. On May 1, 2006, the same day that plaintiff mentioned to Un that he might participate in a political support march for Hispanic immigration issues, he was informed by Un that he was being terminated.

20. Although Un claimed that plaintiff's position was being eliminated, upon information and belief, plaintiff's position was not eliminated and a non-Hispanic was subsequently hired in plaintiff's place.

21. At the time of his termination, plaintiff was making a salary of approximately $63,000 per anum.

22. Plaintiff has been unable to find suitable replacement employment since his termination.

23. Plaintiff filed a charge of discrimination with the New York Division of Human Rights in or about May 2006 and later commenced the instant action.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, defendant has violated plaintiff's rights in that plaintiff was disparately treated based on race/color.

26. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to awards of compensatory and punitive damages and of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290

27. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated based on race/color.

29. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

30. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, defendant has violated plaintiff's rights in that plaintiff was disparately treated in retaliation for opposing discriminatory practices by the defendant.

32. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to awards of compensatory and punitive damages and of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

33. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32" as though fully set forth herein.

34. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated in retaliation for opposing discriminatory practices by the defendant.

35. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff Manuel Nieves, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
        February 20, 2007

>                       Respectfully submitted,
>                       Law Office of Paul N. Cisternino, P.C.
>                       *Attorneys for Plaintiff*
>
>                       _____
>                       By: Paul N. Cisternino (PC-0317)
>                       701 Westchester Ave., Suite 308W
>                       White Plains, New York 10604
>                       (914) 997-0303

## VERIFICATION

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF WESTCHESTER        )

MANUEL NIEVES, being duly sworn, deposes and says:

I am the plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
Manuel Nieves

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/2011

Subscribed and sworn to before me this
20th day of February 2007.

_____
Notary Public

8

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Manuel Nieves<br>32 Van Cortland Park Ave. Apt. 4R<br>Yonkers, NY 10701 | From: | New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2006-02957 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    **Charging Party to Pursue Matter in Federal Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     11/24/06
Spencer H. Lewis, Jr.,     *(Date Mailed)*
Director

Enclosures(s)

cc:    The Betesh Group/Mitzi Internationa     Jackson Lewis LLP
       1 East 33rd Street     58 South Service Road Suite 410
       New York, NY 10016     Melville, NY. 11747
       Attn: Peggy Ganch     Attn: A. Robert Fischer, Esq.

Paul N. Cisternino, PC
701 Westchester Ave. Suite 308W
White Plains, NY. 10604